# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30507

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2018

Lyle W. Cayce
Clerk

PATRICK KNOX,

> Plaintiff

v.

REC MARINE LOGISTICS, L.L.C.,

> Defendant-Third Party Plaintiff - Appellant

v.

DAWN SERVICES, L.L.C.,

> Third Party Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No: 2:16-CV-13350

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:*

In this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3), REC Marine Logistics, L.L.C. (REC), challenges the summary judgment granted

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30507

Dawn Services L.L.C. (Dawn), and denied REC, based on the district court's concluding Dawn was not required to defend and indemnify REC because REC was not an "invitee" of Bisso Marine, L.L.C. (Bisso) under the master subcontractor's agreement (MSA) between Bisso and Dawn. AFFIRMED.

I.

This admiralty action arises from Patrick Knox's sustaining personal injuries while working aboard the M/V TRENT JOSEPH in the Gulf of Mexico. In that regard, Fieldwood Energy LLC engaged Bisso to lay oil pipe in the Gulf near the Eugene Island 187 oil-production platform, off the coast of Louisiana. Bisso not only used its own pipelay barge, the M/V MIGHTY CHIEF, but also contracted with Dawn, pursuant to the MSA, and with Kilgore Maine Services, LLC (Kilgore), pursuant to a master time-charter agreement, to provide vessels and services. Dawn and Kilgore subcontracted their work: Dawn, with Coastal Towing, LLC (Coastal), and Kilgore, with REC, for them to provide vessels to assist Bisso and the M/V MIGHTY CHIEF in laying the pipe. Coastal provided the M/V TRENT JOSEPH; REC, the M/V MS JANE.

In June 2014, Knox, a Coastal employee, became ill while working, as noted, aboard the M/V TRENT JOSEPH, requiring evacuation to shore. Knox was transported, via the M/V MIGHTY CHIEF's crane-mounted personnel basket, from the M/V TRENT JOSEPH to the M/V MIGHTY CHIEF, and from there, to the M/V MS JANE. During the transfer from the M/V MIGHTY CHIEF to the M/V MS JANE, Knox was injured when the personnel basket hit the deck of the M/V MS JANE.

Coastal initiated this action, seeking a declaratory judgment that REC, the operator of the M/V MS JANE, was responsible for Knox's injuries. REC filed a third-party demand against Dawn, asserting that, pursuant to the MSA between Bisso and Dawn, Dawn was required to defend and indemnify REC.

No. 17-30507

Dawn and REC filed cross-motions for summary judgment, regarding defense and indemnity under the MSA between Bisso and Dawn.  The MSA provided Dawn would indemnify, defend, and hold harmless all members of the "Contractor Group" against claims made by members of the "Subcontractor Group", of which Knox was a member, because of his working aboard Coastal's M/V TRENT JOSEPH.

The "Contractor Group" is defined as Bisso, "its subsidiary, affiliated companies, co-venturers, [and] partners . . . as well as the officers, directors, employees, agents, assigns, *invitees*, and insurers of all of the foregoing". (Emphasis added.)   All other statuses under the MSA's being foreclosed to REC, it claimed the status of Bisso's "invitee" "because it was doing work for Bisso in the area[,] on the invitation of Bisso[,] and for [its] advantage".

The district court granted Dawn's summary-judgment motion and denied REC's, concluding Dawn was not required to defend and indemnify REC because REC was not Bisso's "invitee".  *Knox v. Bisso Marine, LLC*, 2:16-CV-13350, slip op. at 7–8 (E.D. La. 15 May 2017).  In doing so, the court reasoned that,

> while [it] agree[d] with REC's suggestion that contractor status does not ipso facto deprive one of invitee status, treating REC as an invitee in [this] context . . . would seem rather anomalous.  REC's interpretation would mean that Dawn agreed to indemnify . . . all of the numerous subcontractors that performed work for Bisso.

*Id.* at 4–5 (footnote omitted).  And, following our court's definition of "invitee", *Blanks v. Murco Drilling Corp.*, 766 F.2d 891, 894 (5th Cir. 1985), the court concluded: "In order for REC to prevail under this definition, the Court would have to conclude that the Gulf of Mexico (or at least some part of it) was a 'premises' that Bisso 'occupied'".  *Id.* at 5.  The court was "not persuaded that

3

being in the Gulf simply to perform work on behalf of Bisso, in and of itself, was sufficient to trigger invitee status under the MSA". *Id.* at 5.

## II.

REC primarily contends the court erred in concluding REC is not an "invitee" of Bisso, claiming it was on a "premises" controlled by Bisso and pursuant to its invitation. The "premises", according to REC, was the worksite surrounding Bisso's barge, the M/V MIGHTY CHIEF, in the Gulf. Dawn, generally adopting the district court's reasoning, asserts the area of the Gulf around the M/V MIGHTY CHIEF was not a "premises" controlled by Bisso.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No authority need be cited for our reviewing summary-judgment decisions *de novo*. Based on our review, there are no genuine disputes of material fact, and REC's claim fails, essentially for the reasons stated by the district court in its well-reasoned order. Accordingly, summary judgment was properly awarded to Dawn and denied to REC.

## III.

For the foregoing reasons, the judgment is AFFIRMED.